In the Matter of ELBERT S. BOUGHTON, an Attorney, Respondent.

First Department, May 28, 1920.

**Attorney at law disbarred — conversion of client's moneys.**

Attorney at law disbarred for converting to his own use the moneys of a client received by him on the sale of the client's property, which he had promised either to invest in certain securities or to pay over to the client if the securities were not issued.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Elmer E. Cooley*, for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in November, 1898, at a General Term of the Supreme Court, held in the city of Rochester, county of Monroe, and was practicing as such in the First Judicial District at the time of the transactions complained of.

The petition charges that in the summer of 1912, respondent requested the Rev. Luther T. Townsend, an aged retired clergyman, to subscribe for certain bonds of the Santo Domingo

First Department, May, 1920.            [Vol. 192.

Mining Company of which respondent was president. He represented to Mr. Townsend that these bonds were to be issued for the purpose of building a mill upon the mining property of the company. Mr. Townsend informed the respondent that he had no money to invest in such bonds, but finally at the respondent's suggestion Mr. Townsend employed him to dispose of certain property which he owned in Queens county, N. Y., with the understanding that the respondent was to invest the net proceeds of the sale of this property in the bonds of the Santo Domingo Mining Company if they were issued at that time or else to pay over the money to Mr. Townsend.

The respondent sold the property and collected as the net proceeds of the sale over $2,000. The contemplated bond issue was abandoned, but the respondent, instead of paying over the money to Mr. Townsend, converted it to his own use.

In October, 1915, Mr. Townsend instituted a proceeding against the respondent for the recovery of the money. This proceeding resulted in the entry of an order directing the respondent to pay to Mr. Townsend the sum of $2,074.82. Upon his failure to comply with the terms of this order an order was entered adjudging him guilty of contempt of court and he was taken into custody and lodged in the Ludlow street jail from which he was released upon the filing of a bond. The respondent appealed to the Appellate Division from the order directing him to pay over the money, but this appeal was dismissed. He thereafter appealed to the Court of Appeals, but this appeal was also dismissed.

The learned official referee states in his report that the evidence establishes the request and solicitation by the respondent for the subscription for the purpose named, his collection of the proceeds of the property to be disposed of by him, the abandonment of the contemplated bond issue and the failure of the respondent to return the money to Townsend and his refusal to account to him when requested. He further states in his report that although the order in the summary proceeding was not of itself *res adjudicata* to the whole of the present proceeding, that, upon the evidence before him, it must be held to have been a determination that the respondent was liable to Townsend for the repayment of the sum

of $2,074.82. In addition thereto, the conversion of said sum and the respondent's refusal to account have now been independently established and even shown by the answer and the cross-examination of the respondent, and he concludes that the conversion charged has been fully established and that the respondent has been guilty of professional misconduct in the matter.

A careful consideration of the testimony and the briefs submitted convinces us that the finding of the learned official referee was entirely justified and that there is no escape from the conclusion that the respondent was guilty of conversion.

It follows that he should be disbarred.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Respondent disbarred. Settle order on notice.